WILLIAM LINKER, TRADING, ETC., RELATOR, v. BOARD OF EDUCATION OF THE BOROUGH OF COLLINGSWOOD ET AL., RESPONDENTS.

Submitted January 29, 1926—Decided February 4, 1926.

The provision of section 5 of the Lien act of 1918 (*Pamph. L.*, p. 1043), relating to payment to the principal contractor of money impounded by stop-notices, upon giving bond, &c., is not mandatory on the municipality, but discretionary.

---

On demurrer to alternative writ of *mandamus.*

Before Justices PARKER, MINTURN and BLACK.

For the relator, *Edward C. Waddington.*

For the respondents, *John A. Penn.*

The opinion of the court was delivered by

PARKER, J. Relator contracted with the board of education to erect a building, presumably a school building, and it appears by the writ, whose averments are admitted by the demurrer, that there was due to relator, subject to claims by stop-notice, the sum of $46,362.18. Against this fund were lodged stop-notices aggregating $24,936.27, and the board withheld that amount to answer the stop-notices and paid the balance to relator. He now asks a *mandamus* requiring the board to pay him this balance, and his claim thereto is rested on section 5 of the revised "Municipal Lien" act. *Pamph. L.* 1918, *p.* 1041, a revision of *Comp. Stat., p.* 3315 *et seq.* This act enables subcontractors, materialmen, mechanics and laborers on municipal public improvements to assert a lien on the moneys applicable to the principle contract, by filing stop-notices under certain regulations. Section 5 prescribes the time when the lien shall attach to the fund, with the proviso (on which relator now relies), "that the funds due or to grow due to the said contractor from said city, town, township or other municipality *may* be released and paid to the said contractor by the financial officer of said city, town, township or other municipality upon the filing with said financial officer of a bond in double the sum of all claims filed under the provisions of this act against the said contract or the funds due or to grow due thereunder, conditioned for the payment of such sum or sums as may be decreed to be due under any such claims, which bond shall be approved as to form by the chief law officer of such municipality and as to sufficiency by the financial officer with whom it is filed."

It appears by the admitted allegations of the alternative writ that suitable bonds conforming to this proviso were

filed and have been approved as to form and sufficiency by the proper officers. The controversy is over the effect of the clause "may be released and paid," relator claiming that the word "may" should be construed as mandatory; respondent, that it vests a discretionary power in the borough or its financial officer, which discretion should not be overruled by *mandamus*. This is the gravamen of the demurrer and we deem it well founded. It appears that the suit contemplated in the act as a means of trying out the conflicting claims is now pending in the Court of Chancery, and that the stop-notice claimants are parties to that suit. Consequently, the Court of Chancery is vested by the act and the proceedings taken under it, with the control of the fund, and in due course will declare the rights of the parties. The award by us of a writ seems to be urged on the ground that this litigation in Chancery "will continue for some time." This, however, we do not consider to be a satisfactory reason for interfering with a fund in process of administration by a tribunal having full jurisdiction of it, even if we have power to do so. That very power is doubtful, to say the least, as the statute by section 13 reserves to the municipality the right of paying the fund into the Court of Chancery, which it says it desires to do. In view of these considerations, to say that "may," in section 5, means "must," would tend toward needless litigation, disturb the orderly progress of the statutory suit, and deprive the respondent of a substantial right to pay the money into court and wash its hands of the whole matter without being put to a reliance on indemnity bonds with the incidental risks inseparable from that sort of security.

There will be judgment for the respondents on the demurrer.